United States District Court
Southern District of Texas
**ENTERED**
November 08, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JANE DOE, *et al.*, § | |
|     Plaintiffs, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:23-CV-00738 |
| § | |
| WALLER INDEPENDENT SCHOOL § | |
| DISTRICT, § | |
|     Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Waller Independent School District's Motion to Strike Plaintiff Jane Doe's second Amended Complaint. (Dkt. 51). Considering the motion, the response, the reply, the record, and the applicable law, the Court finds that Plaintiff Jane Doe does not have good cause to untimely file her second Amended Complaint. Accordingly, Defendant's motion to strike (Dkt. 51) is **GRANTED IN PART** and Plaintiff's second Amended Complaint (Dkt. 47) is **STRICKEN**. To the extent that Defendant's motion requests further sanctions, that request is **DENIED** at this time.

### I.     FACTUAL BACKGROUND

This matter arises out of claims brought by Jane Roe ("Roe"), by and through her mother Jane Doe ("Doe"), against Defendant Waller Independent School District ("WISD") for sexual harassment and sexual assaults that allegedly took place while Roe was enrolled as a student at Waller High School. (Dkt. 16 at p. 3). According to the original Docket Control Order, Doe had until July 30, 2023, to amend her pleadings and add new

parties. (Dkt. 15). Doe did so, filing her first Amended Complaint days before the deadline. (Dkt. 16). Discovery then proceeded and closed according to the Court's Amended Docket Control Order. (Dkt. 27).

However, Doe then moved to amend her complaint for a second time over a year after the deadline to do so had passed. (Dkt. 45). In that motion, Doe explains she "wishes to file the attached amended pleading to remove [her] claims" against an already dismissed defendant, and Doe asserts that she "is not changing [her] claims or causes of action against the remaining defendant." (*Id.* at p. 1). Doe's counsel echoed this sentiment in an email sent to WISD's counsel prior to filing the motion to amend, stating: "We won't be adding any additional claims or facts." (Dkt. 51 at p. 1). Counsel for WISD replied to this email and asserted that "WISD was neither opposed nor unopposed to the request." (*Id*. at p. 2). The certificate of conference attached to Doe's motion for leave to amend reads: "opposing counsel confirmed that Defendant is neither opposed nor unopposed to this motion and the relief requested therein." (Dkt. 45 at p. 2). The Court granted this motion for the purpose of removing the already-dismissed defendant from the pleadings. (Dkt. 46).

However, Doe's second Amended Complaint both includes new facts in support of Doe's claims and seeks nominal damages for the first time in this suit. (Dkt. 47). As a result, WISD filed the pending motion to strike Doe's second Amended Complaint— arguing that Doe misrepresented to both the Court and WISD's counsel the purposes of the amendment and failed to satisfy the applicable legal standard. *See* (Dkt. 51). The Court agrees.

## II. LEGAL STANDARD

Doe must amend, if at all, under Federal Rule of Civil Procedure 16(b)(4) because she seeks to amend her complaint after the deadline to add new parties and amend the pleadings has passed. *See* (Dkt. 15); (Dkt. 27). In the Fifth Circuit, the Court has "broad discretion to preserve the integrity and purpose of the pretrial order[.]" *S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quotation marks omitted). Rule 16(b)(4) "governs amendment of pleadings after a scheduling order's deadline to amend has expired." *Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009). A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). To determine whether good cause exists, the Fifth Circuit requires district courts to consider four factors: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Marathon*, 591 F.3d at 470 (quotation omitted).

## III. ANALYSIS

The Court finds that Doe does not have good cause to amend her complaint under Rule 16(b)(4). Accordingly, the Court holds that Doe's second Amendment Complaint must be stricken.

First, Doe's response to the pending motion fails to address her misrepresentations to both opposing counsel and the Court about the purposes of the amendment. *See* (Dkt. 53). Doe states that "the certificate of conference has an unintentional error" reflecting

WISD's status as "neither opposed nor unopposed." (*Id.* at p. 1). However, this excuse is not supplemented with an explanation as to the misrepresentations in the emails between counsel and the motion to this Court. *See id.* In fact, Doe dedicates a mere two sentences to WISD's allegations of her misrepresentations in her response to the pending motion. *Id.*

As to the factors under Rule 16(b)(4), the Court is unconvinced that Doe has good cause to amend her pleadings to include new factual support and seek additional damages. Doe's only explanation for her failure to timely move for leave to include additional facts is that her "access to factual information was greatly expanded during discovery." (Dkt. 53 at p. 3). The Court is unpersuaded that this constitutes sufficient explanation for seeking to amend her complaint over a year after the deadline to do so. Further, Doe does not provide any explanation for her failure to timely move to add to the damages. *See id.*

Still, Doe argues that her amendment is important because it is necessary to "facilitate judicial economy and clarify the dispute between the parties." (Dkt. 53 at p. 3). Doe asserts that WISD is not prejudiced by the amendment because the added factual information "is all available in the current discovery and is addressed in [WISD's] motion for summary judgment." (*Id.* at p. 4). Further, Doe argues that "WISD had notice that nominal damages may be included because [her] first amended complaint contains a general prayer for damages." Again, the Court is unconvinced. This case is set to go to trial in January or February of 2025, with docket call currently scheduled for December 17, 2024. (Dkt. 40). WISD would be prejudiced by virtue of the fact that it has conducted discovery for over a year based on Doe's first amended pleadings—especially given that

Doe waited until the close of discovery and until the deadline to file dispositive motions had passed to amend. Further, a continuance in these circumstances would only unnecessarily delay the case and impose excessive costs on both parties in what is already a lengthy and costly matter. The Court finds that WISD would be prejudiced by this untimely amendment and that a continuance would not cure such prejudice. As such, the Court holds that Doe does not have good cause to amend under Rule 16(b)(4).

## IV.   CONCLUSION

For the above reasons, the Court holds that Doe does not have good cause to amend. Accordingly, Defendant's motion to strike (Dkt. 51) is **GRANTED IN PART** and Plaintiff's second Amended Complaint (Dkt. 47) is **STRICKEN** from the docket. To the extent that WISD's motion requests further sanctions, that request is **DENIED** at this time.

SIGNED at Houston, Texas on November 8, 2024.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE